UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES M. STEELE,

      Plaintiff,

                                        Civil Action 2:13-cv-866
    v.                               Judge Gregory L. Frost
                                        Magistrate Judge Elizabeth P. Deavers

MICHAEL DEWINE, *et al.,*

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Charles M. Steele, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his Fifth and Fourteenth Amendment rights.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Michael DeWine and **TRANSFER** this action to the United States District Court for the Northern District of Ohio Eastern Division at Cleveland.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2).  (ECF No. 1.)  Plaintiff's

motion is **GRANTED**.  Plaintiff is required to pay the full amount of the Court's $350 filing fee.
28 U.S.C. § 1915(b)(1).  Plaintiff's certified trust fund statement reveals that he currently
possesses the sum of one cent in his prison account, which is insufficient to pay the full filing
fee.  His application indicates that his average monthly deposits for the six-month period prior to
filing his application to proceed *in forma pauperis* were $38.00.  Pursuant to 28 U.S.C. §
1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Booking # 20130326004) at
Cuyahoga County Jail is **DIRECTED** to submit to the Clerk of the United States District Court
for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the
average monthly deposits to the inmate trust account or the average monthly balance in the
inmate trust account, for the six-months immediately preceding the filing of the Complaint.
After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's
preceding monthly income credited to the account, but only when the amount in the account
exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. §
1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Checks should be
made payable to: Clerk, United States District Court.  The checks should be sent to:

      Prisoner Accounts Receivable
      260 U.S. Courthouse
      85 Marconi Boulevard
      Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.  It is **ORDERED**
that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that
judicial officers who render services in this action shall do so as if the costs had been prepaid.
The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison
cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's

financial office in Columbus.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*       \*       \*
>
>   (B) the action or appeal--
>
>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

---

[1]Formerly 28 U.S.C. § 1915(d).

3

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, --- F.3d ----, No. 12-2620, 2013 WL 4081909, at *1 (6th Cir. Aug. 14, 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

4

## II.

Plaintiff is an Ohio inmate presently housed at Cuyahoga County Jail, a prison in Cleveland Ohio. He alleges that he was transferred to Cuyahoga County Jail from Chillicothe Correctional Institution after the Cuyahoga County Prosecutor maliciously indicted him for two crimes. Plaintiff alleges that the indictment and the Cuyahoga County Court's continued exercise of jurisdiction over him violate his rights under the Fifth and Fourteenth Amendments. In addition to naming a number of Defendants residing in Cuyahoga County, Plaintiff names Mike DeWine, the Ohio Attorney General. Plaintiff's sole allegation concerning Defendant DeWine provides as follows:

> Defendant Michael DeWine, a duly elected official of the State of Ohio, is alleged to have committed Malfeasance and Dereliction of Duty while interfering in the Civil Rights of Plaintiff, violating Plain tiff's 5th and 14t h Amendment Rights as Guaranteed by [t]he United States Constitution.

(Compl. ¶ 35, ECF No. 1-2.) In terms of relief, Plaintiff's seeks $10 million in compensatory damages. (*Id.* at ¶ 46.)

Plaintiff has failed to state plausible claims for relief against Defendant DeWine. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the

official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant DeWine was personally involved in any violation of Plaintiff's rights. Instead, Plaintiff's Complaint consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S.Ct. at 1949. These pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]" fail to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555.

To the extent Plaintiff seeks to assert a claim for damages against Defendant DeWine in his official capacity, his claim also fails. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Accordingly, to the extent Plaintiff seeks to assert a claim for compensatory damages against Defendant DeWine in his official capacity, the Court must dismiss that claim as barred by the Eleventh Amendment.

The remaining Defendants reside in Cuyahoga County, Ohio. Further, Plaintiff's allegations establish that the alleged incidents occurred in Cuyahoga County. Venue in this Court is therefore not proper. *See* 28 U.S.C. § 1391 (venue is proper in the judicial district

6

where any defendants reside or in which the claims arose).  Thus, it is **RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1406 or 1404(a) to the United States District Court for the Northern District of Ohio Eastern Division at Cleveland, which serves Cuyahoga County.

## III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against Defendant DeWine be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  It is further **RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1406 or 1404(a) to the United States District Court for the Northern District of Ohio Eastern Division at Cleveland.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  September 12, 2013                        /s/ *Elizabeth A. Preston Deavers*
                                              Elizabeth A. Preston Deavers
                                              United States Magistrate Judge

8