UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES M. STEELE,** | ) | **CASE NO. 1:13 CV 2408** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **MICHAEL DEWINE,** *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CHRISTOPHER A. BOYKO, J.:</u>

*Pro se* Plaintiff Charles M. Steele filed this action in the United States District Court for the Southern District of Ohio under 42 U.S.C. § 1983 against Ohio Attorney General Michael DeWine, Cleveland Police Chief Michael McGrath, Cleveland Deputy Police Chief Ed Tomba, Cuyahoga County Prosecutor Timothy McGinty, Cuyahoga County Assistant Prosecuting Attorney Brian McDonough, Cuyahoga County Sheriff Frank Bova, Cuyahoga County Clerk of Court Andrea F. Rocco, Cuyahoga County Jail Warden Ronald L. Shobert, Cuyahoga County Assistant Warden Mr. McAuthor, Cuyahoga County Common Pleas Court Judge Steven E. Gall, and Cuyahoga County Common Pleas Court Administrative Judge Nancy A. Fuerst. In the Complaint, Plaintiff asserts he was denied due process when he was prosecuted for rape after the statute of limitations period for the crime expired. The Southern Ohio District Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and dismissed the claims against Michael

DeWine. The Court then determined that venue in the Southern District of Ohio was improper for the remaining claims and transferred the case to this Court.

Thereafter, Plaintiff filed a Motion for Leave to File an Amended Complaint (ECF No. 12). Although he indicates he wants to amend his pleading, it is apparent from the Motion that he actually seeks to supplement, rather than replace, his original pleading. The Court therefore liberally construes his Motion as a Motion for Leave to File a Supplement to his Complaint. That request (ECF No. 12) is **granted**.

In his proposed supplement, Plaintiff seeks to add Cuyahoga County Corrections Officer Corporal Moore and Corrections Officer Jane Doe as Defendants. He claims these individuals denied him access to the courts in violation of the First Amendment by confiscating legal materials and terminating his research privileges.

## I. BACKGROUND

Plaintiff was indicted on March 6, 2013 for a kidnaping and rape that occurred on March 5, 1993. He contends that although the statute of limitations for rape expired the day before his indictment, a capias was issued for his arrest at the Chillicothe Correctional Institution on March 8, 2013, where he was serving a 23 to 50 year sentence for a rape and kidnaping conviction from Hamilton County. *See State ex rel. Steele v. Robinson*, No. 12CA3359, 2013 WL 4400131, at *1 (Ohio App. 4 Dist. Aug. 9, 2013). He was transported to the Cuyahoga County Jail to await trial.

Plaintiff was arraigned on March 29, 2013 on one count of kidnaping and one count of rape. He refused to enter a plea and Judge Gall therefore recorded his plea as "not guilty." The grand jury returned a second indictment on June 11, 2013 charging him with four counts of

kidnaping and four counts of rape. He was found guilty of the charges by a jury on February 12, 2014, and was sentenced to 65-175 years in prison on February 21, 2014.

Plaintiff contends he was subjected to a sham legal process. He claims McGinty, McGrath, McDonough, Gall and Fuerst violated his Fifth and Fourteenth Amendment rights to due process by arresting and prosecuting him after the statute of limitations period for the crime expired. He further asserts Bova, Shobert and McArthor are supervisors and are therefore responsible for any constitutional violations committed by their subordinates.

Plaintiff also alleges in his supplemental pleading that he was denied access to the courts. He claims the court granted him access to the law library at the Cuyahoga County Jail. He contends he was using the library computer on November 21, 2013 when he noticed Jane Doe employee reading every page he downloaded. He alleges that on his way out of the room, he asked for the copies of the materials he had downloaded and was told his copies were being confiscated because his name did not appear on the papers. He states that some of the downloaded material pertained to his criminal case, and some of it was downloaded for a fellow jail inmate who was attempting to file a civil rights action. He complained to Corporal Moore who indicated he would investigate the matter. Plaintiff was later informed that his law library access had been revoked by the Warden.

After this incident, Plaintiff petitioned the court for permission to represent himself at trial. The Court granted the request but retained his attorney to act as advisory counsel. The Court also granted him access to the law library for the remainder of the trial only to conduct research for his criminal case. The court informed him that if he was found to be utilizing the law library for any other case or to conduct research for other inmates, the Warden would

-3-

terminate his access and inform the court.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Challenges to Criminal Conviction**

As an initial matter, Plaintiff cannot challenge his criminal conviction in a civil rights action. A prisoner may not raise claims in a civil rights action if a judgment on the merits of his claims would affect the validity of his conviction or sentence. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Before the prisoner can bring claims for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486. A claim bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* Therefore, when a state prisoner files a § 1983 suit, this Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. However, if the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed in the absence of some other bar to the suit. *Id.*

Plaintiff alleges that the statute of limitations period for rape expired one day before he

was indicated for that crime. He describes his criminal prosecution as a "sham legal process" and asserts he was denied due process because the charges against him were not dismissed. These claims, if found to have merit, would call into question the validity of his conviction. Plaintiff was convicted on February 12, 2014 and sentenced on February 21, 2014. He may still appeal his conviction and assert these claims as grounds for relief. Because his conviction has not been invalidated by either the Ohio courts or a federal court's issuance of a writ of habeas corpus, he cannot proceed with his due process claims in this civil rights action. Plaintiff's due process and sham legal process claims are dismissed.

**Access to the Courts**

In the supplement to his Complaint, Plaintiff asserts the Defendants denied him access to the courts by confiscating legal materials and terminating his library privileges. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous and that it was frustrated or impeded by the Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

Here, Plaintiff has not alleged he suffered an actual injury as a result of Jane Doe's confiscation of his printed research materials, or the suspension of his library privileges. He was conducting research for himself and other inmates. At that time, Plaintiff was represented by counsel. He does not allege that the Defendants' actions caused the rejection of a specific claim he had raised, or prevented him for pursuing a cause of action.

Furthermore, although prisoners are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present to provide them with access to the courts, there is no corresponding right for an inmate to be a jailhouse lawyer or to act in a representative capacity. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). In short, Plaintiff has no independent right to provide legal research services to other inmates, to act like a lawyer, or to assume the role of advocate. *Gibbs*, 10 F.3d at 378. There is no suggestion in the supplemental pleading that confiscating the research Plaintiff gathered for other inmates caused actual injury to a non-frivolous cause of action they were asserting, or deprived Plaintiff of his constitutional rights.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: March 6, 2014